IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ROBERT THOMAS BARNES,           )
TDCJ No. 922186,                )
            Petitioner,         )
                                )
v.                              )          7:03-CV-081-R
                                )
DOUGLAS DRETKE, Director,        )
Texas Department of Criminal Justice,   )
Correctional Institutions Division,    )
            Respondent.         )

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds

and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Robert

Thomas Barnes, an inmate confined in the Robertson Unit of the Texas Department of Criminal

Justice in Abilene, Texas. On January 13, 2000, upon a plea of not guilty, Barnes was tried by the

court in a non-jury trial and convicted for the offense of sexual assault. *Petition ¶¶ 1-6; State v.*

*Barnes, No. 36,468-B (78th District of Wichita County, Texas), Transcript p. 257 (hereinafter "TR*

*p.___").* His sentence, enhanced by three prior felony convictions, was assessed at forty years

confinement. *TR. pp. 2-5, 257.* Petitioner filed a direct appeal and, on August 16, 2001, his

conviction was affirmed. *Petition ¶¶ 8 & 9; Barnes v. State*, No. 2-00-026-CR (Tex. App. – Ft.

Worth 2001, pet. ref'd.). Johnson's petition for discretionary review was refused on March 13,

2002. *Barnes v. State, P.D.R. No. 2201-01.* He filed one state habeas application attacking his

conviction which, on March 26, 2003, was denied without written order. *See Petition ¶¶ 10-11; Ex*

*parte Barnes, App. No. 11,657-08 at Cover.*

In support of the instant petition, Barnes presents the following grounds for relief:

1.      He was denied effective assistance of counsel because the appellate court denied counsel's request to file an extended brief when arguing seventeen points of error;

2.      He was denied the right to a speedy trial;

3.      He is actually innocent because the state failed to prove that the victim was mentally retarded and unable to consent to sex and because the only evidence that sex occurred was the victim's testimony;

4.      The trial court erred in refusing to allow evidence of a prior inconsistent statement made by the victim thereby denying him the right to cross-examine and impeach the witness;

5.      He was wrongfully deprived of credit on his sentence for the time served between his arrest for parole violation and the indictment in this case.

6.      He was subjected to a double jeopardy violation because the conduct for which his mandatory supervision was revoked was the same conduct for which he was convicted.

*Petition ¶¶ 20.A-G.*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1217, under which we now have a heightened standard of review in federal habeas corpus proceedings.  Title I of the Act substantially changed the way federal courts handle such actions.  The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997).  Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000).  Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520.  The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate

the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2).  *Chambers*, 218 F.3d at 363.  The

"unreasonable application" clause concerns only questions of fact.  *Hill v. Johnson*, 210 F.3d 481,

485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001).  The resolution of factual

issues by the state court are afforded a presumption of correctness and will not be disturbed unless

the habeas petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C.

§ 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981).  Absent such evidence,

the presumption of correctness is applied provided that the state court findings are evidenced in

writing, issued after a hearing on the merits and are fairly supported by the record.  *E.g., Burden v.

Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994),

*cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995); *May v. Collins*, 955 F.2d 299, 310 (5th Cir.), *cert.

denied*, 504 U.S. 901, 112 S.Ct. 1925 (1992); 28 U.S.C. § 2254(d).

A summary of the facts of Barnes' case was recited by the Second Court of Appeals as

follows:

> On March 26, 1995, [Barnes] picked up D.O., a 33-year-old woman suffering with
> Down's Syndrome, for a trip to Wal-Mart.  After their trip, [Barnes] took D.O. back
> to his apartment, where he had sex with her.

> At the time of the offense, [Barnes] was on mandatory supervision for an unrelated
> aggravated sexual assault.  Due to the sexual assault, [Barnes] was arrested on a blue warrant
> on September 8, 1995, and subsequently returned to custody upon the revocation of his
> mandatory supervision. [Barnes] was indicted for the sexual assault of D.O. on August 20,
> 1997, and trial on the merits commenced on January 11, 2000.

*Barnes v. State*, No. 2-00-026-CR (Tex. App. – Ft. Worth 2001, pet. ref'd.).

Petitioner first claims that he was denied his right to effective assistance of counsel by the

Second Court of Appeals because the appellate court denied counsel's request to file an extended

brief when arguing seventeen points of error.  *Petition ¶ 20.A.*  In a claim of ineffective appellate

assistance, a habeas petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965, 107 S.Ct. 466 (1986).

Petitioner has indicated that his appellate attorney initially filed a 113-page brief. *Ex parte Barnes, App. No. 11,657-08 p. 13*. The Second Court of Appeals denied counsel's request to exceed the 50-page limit and ordered counsel to file a corrected brief. Thereafter counsel filed a brief as directed. *Id. at p. 18*. Barnes presented this issue to the state habeas court which rejected this ground for relief. *Id. at pp. 13-18*. Review of his state habeas application and of the instant petition reveals that Barnes has not set forth any factual allegations to demonstrate how the 50-page limit resulted in deficient performance by counsel or how he was prejudiced by the 50-page limit. *See Petition ¶ 20.A; Ex parte Barnes, App. No. 11,657-08 p. 13-19*. Conclusory allegations of ineffective assistance of counsel do not state a ground upon which habeas relief may be granted. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (stating that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding."); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Moreover, courts that have considered the enforcement of page limits on pleadings have held that such restrictions are not constitutionally infirm and that they do not deprive litigants of the opportunity to present their claims. *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000); *Weeks v. Angelone*, 176 F.3d 249, 271-72 (4th Cir.

1999); *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Barnes is not entitled to habeas relief on this ground.

Next, Petitioner claims that he was denied the right to a speedy trial.  *Petition ¶ 20.B.*  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ...." *U.S. Const. amend. VI; accord Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690 (1992). The right to a speedy trial is a fundamental right secured by the Sixth Amendment of the United States Constitution.  *Moore v. Arizona*, 414 U.S. 25, 27-28, 94 S.Ct. 188 (1973).  "In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972), the Supreme Court established a four-part balancing test for determining whether a defendant received a speedy trial within the meaning of the Sixth Amendment." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000).  Under that test, the court must consider (1) the length of the pretrial delay; (2) the reason for the delay; (3) the defendant's attempts to assert his speedy trial rights, and (4) the prejudice caused by the delay.  *See Hughes v. Booker*, 220 F.3d 346, 348 (5th Cir. 2000) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997)). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  *Barker*, 407 U.S. at 530, 92 S.Ct. 2182.

In Petitioner's direct appeal, the State conceded and the appellate court agreed that the approximate twenty-nine month delay from indictment to trial in Barnes' case was presumptively prejudicial and, as such, triggered the *Barker* inquiry.  *Barnes v. State*, No. 2-00-026-R, slip op. at pp. 5-6 (Tex. App. – Ft. Worth 2001, pet. ref'd.).  In determining the reason for the delay, the court found that the State's explanation was insufficient and, while not making a finding of any bad faith on the part of the State, the court determined that this factor weighed in favor of Barnes.  *Id. at p. 7.* With regard to his assertion of the right to a speedy trial, the appellate court found that, although

Barnes did assert his right to a speedy trial, the timing of the request and the form of the assertion of the right were relevant considerations. *Id. at p. 10.* Barnes first raised the speedy trial issue in a motion to dismiss which was filed the day before trial was scheduled to begin. *Id. at p. 8.* Additionally, he sought dismissal of the charge because of a speedy trial violation rather than seeking a speedy trial itself which revealed a motive that the court stated could "attenuate the strength of his claim." *Id.* The court then turned to the fourth Barker factor, prejudice to the defendant caused by the delay, under which it considered three underlying interests: (1) preventing oppressive pre-trial incarceration, (2) minimizing the anxiety and concern of the accused and (3) limiting the possibility that the defense will be impaired. *Id. at p. 10.* The court found that Barnes had not suffered oppressive incarceration because he was already confined pursuant to his parole revocation involving a prior conviction, that his concern and anxiety was not beyond that which would be expected from ordinary and inevitable pre-trial incarceration and that the impairment to his defense resulting from the delay was minimal at best. *Id. at pp. 11-13.* Therefore, the court found that Barnes was not prejudiced by the delay. In light of the *Barker* factors and based upon the evidence before it, the Second Court of Appeals found that the State had not violated Barnes' Sixth Amendment right to a speedy trial. *Id. at p.14.*

The court of appeals properly balanced the four factors set forth in *Barker v. Wingo, supra.* The state court did not considered this to be a case in which the first three factors weighed so heavily in Barnes' favor that a showing of prejudice was unnecessary. *See Doggett*, 505 U.S. at 655-56, 112 S.Ct. 2686. Barnes has failed to demonstrate that state appellate court's decision was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States or that the court made a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented.   See 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405-06, 409, 120 S.Ct. 1495 (2000).   Therefore, Barnes is not entitled to relief on this ground.

In his third ground for relief, Barnes argues that he is actually innocent because the State failed to prove that the victim was mentally retarded and unable to consent to sex and because the only evidence that sex occurred was the victim's testimony and she couldn't make up her mind. *Petition ¶ 20.C.*   Although he has titled this ground for relief as one of "actual innocence," review of the arguments in support of this ground for relieve reflects that Barnes is raising a sufficiency-of-the-evidence claim.   Barnes presented his sufficiency-of-the-evidence claim on direct appeal.   The Second Court of Appeals reviewed the evidence from Barnes' trial and found it legally sufficient to support his conviction. *Barnes v. State*, No. 2-00-026-R, slip op. at pp. 18-24 (Tex. App. – Ft. Worth 2001, pet. ref'd.).   In rendering its decision the court of appeals held that "the evidence tending to prove [Barnes'] guilt was not so obviously weak as to undermine confidence in the trial court's determination, nor was the proof of his guilt greatly outweighed by evidence to the contrary." *Id.* at p. 24.   Barnes has failed to establish that this finding was contrary to federal law or unreasonable in light of the evidence presented at trail. *See* 28 U.S.C. § 2254(d).   Moreover, the court's finding is fairly supported by the record.[1]

Next, Petitioner seeks relief on the ground that the trial court erred in refusing to allow evidence of a prior inconsistent statement made by the victim thereby denying him the right to cross-examine and impeach the witness. *Petition ¶ 20.D.*   Petitioner does not specify the nature of the

---

[1] A state appellate court's determination that the evidence was sufficient to support a conviction is entitled to great weight. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied*, 474 U.S. 855, 106 S.Ct. 159 (1985).

prior statement which was disallowed by the court.  In his state habeas petition, he complained that the trial court erred when it refused to admit a videotape of the victim when she was interviewed by police.  *Ex parte Barnes, App. No. 11,657-08 pp. 51-58*.  At the state level, he argued that the video contained prior inconsistent statements and should have been admitted.  *See id.*  To the extent that he challenges the state court's decision not to admit the videotape into evidence, Barnes is not entitled to relief.  Errors of state law, including evidentiary errors, are not cognizable in habeas proceedings as such.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80 (1991).  A state court's evidentiary ruling presents a cognizable habeas claim only where it runs afoul of a specific constitutional right or it renders the trial fundamentally unfair.  *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993) (citing *Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir. 1985)), *cert. denied*, 510 U.S. 1025, 114 S.Ct. 637 (1993).  Fundamental unfairness may occur where certain testimony, erroneously admitted, plays a crucial, critical and highly significant role in the trial.  *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).  Barnes has failed to make any such showing.

Petitioner frames his ground for relief involving the videotape as a confrontation clause violation.  The confrontation clause of the Sixth Amendment ensures the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing before the trier of fact in an adversarial proceeding.  *Maryland v. Craig*, 497 U.S. 836, 845-46, 110 S.Ct. 3157, 3163 (1990).  Specifically, the Sixth Amendment affords a criminal defendant the right to cross-examine his accuser and other witnesses against him in person, before a jury, with such witnesses under oath.  *Id.*

Petitioner's confrontation clause claim is without any basis in fact. The record clearly demonstrates that Petitioner's counsel cross-examined the victim about statements made on the videotape and about statements made in Petitioner's parole revocation hearing. *Statement of Facts Vol. 7 pp. 1-17.* Through counsel, Petitioner had ample opportunity to confront his accuser and impeach her as a witness. Therefore, no confrontation clause violation occurred.

In his fifth ground for relief, Petitioner claims that he was wrongfully deprived of credit on his sentence for the time served between his arrest for parole violation and the indictment in this case. *Petition ¶ 20.E.* Prior to his indictment in the instant case, Barnes was confined pursuant to a blue warrant issued for a parole violation on another conviction and sentence. *Barnes v. State*, No. 2-00-026-CR at p.17 (Tex. App. – Ft. Worth 2001, pet. ref'd.). He was not confined on the charge in the instant case prior to being indicted. *Id.* Barnes is not entitled to credit on his sentence in the instant case for time served on a different conviction prior to being charged with a crime in this case. The fact that the conduct for which his parole was revoked resulted in the instant conviction is of no moment. Absent a statute to the contrary, there is not even a constitutional right to credit for time served prior to sentencing unless the defendant is indigent, such that he cannot make bail, and he receives the maximum sentence allowed by law. *See Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970); *Boutwell v. Nagle*, 861 F.2d 1530, 1532 (11th Cir. 1988); *Palmer v. Dugger*, 833 F.2d 253, 254 (11th Cir. 1987); *Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978); *Paprskar v. Estelle*, 566 F.2d 1277, 1279 (5th Cir. 1978); *Martin v. State of Florida*, 533 F.2d 270, 271 (5th Cir. 1976); *Jackson v. State of Alabama*, 530 F.2d 1231, 1237 (5th Cir.1976); *Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974); *Russo v. Johnson*, 129 F. Supp. 2d 1012, 1017-18 (S.D. Tex. 2001); *Ex*

*parte Canada*, 754 S.W.2d 660, 665-66 (Tex. Crim. App. 1988).  That is not the situation in the case at bar.  Barnes is not entitled to relief on this ground.

Barnes' next ground for relief is entitled "pre-indictment delay."  However the arguments set forth are the same as those submitted in his previous ground for relief, i.e.- that he is entitled to credit on his sentence in the instant case beginning with his arrest for parole violation.  *Petition ¶ 20.D.*  In an effort to clarify the apparent duplication, Petitioner states that his argument on this ground for relief "would be the same as Speedy Trial violations."  *Petitioner's Response to Respondent's Answer at p. 11.*  The Court has already reviewed Petitioner's speedy trial arguments. He is not entitled to relief on that ground.

To the extent, if any, that Barnes is attempting to present a claim that the government's delay in indicting him was excessive, he cannot prevail.   The Second Court of Appeals reviewed this claim and, citing *United States v. Marion*, 404 U.S. 307, 324 (1971), the court found that Barnes failed to demonstrate that the delay was prejudicial or that it resulted from intentional conduct on the part of the state in an effort to gain a tactical advantage.  *Barnes v. State*, No. 2-00-026-CR at pp. 14-16 (Tex. App. – Ft. Worth 2001, pet. ref'd.).  Petitioner has failed to demonstrate that the state court's decision on this issue was contrary to or involved an unreasonable application of federal law or that this decision was based upon an unreasonable determination of the facts in this case. Therefore, he is not entitled to relief.

In his final ground for relief, Barnes claims that he was subjected to a double jeopardy violation because the conduct for which his mandatory supervision was revoked was the same conduct for which he was convicted.  *Petition ¶ 20.G.*  The state court found that he was not subjected to double jeopardy because the parole revocation did not punish Barnes for the instant

-11-

offense.  *Barnes v. State*, No. 2-00-026-CR at pp. 26-28 (Tex. App. – Ft. Worth 2001, pet. ref'd.).

Where conduct resulting in the revocation of parole also results in a criminal prosecution, there is

no double jeopardy violation.  *Stringer v. Williams*, 161 F.3d 259, 269 (5th Cir. 1998).  Thus, Barnes

cannot prevail on this ground for relief.

     As discussed earlier, under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

     Petitioner has failed to demonstrate that the state court's decision was contrary to or involved

an unreasonable application of federal law or that any decision was based upon an unreasonable

determination of the facts in this case.  He has also failed to demonstrate that he is otherwise entitled

to habeas relief.

     IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED.

     The Clerk of Court shall transmit a true copy of this Order to Petitioner and to Counsel for

Respondent.

     SO ORDERED this 31st day of January, 2006.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

-12-